UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JASON LEWIS,

                         Plaintiff,                              **COMPLAINT and**
                                                                 **JURY DEMAND**

          -against-

PRIMECARE MEDICAL, INC.; PERSONALCARE                            Civil Action No.:
REGISTERED PROFESSIONAL NURSING, P.C.;                           1:21-CV-930 (BKS/CFH)
PRIMECARE MEDICAL OF NEW YORK, INC.; and
WARREN COUNTY,

                         Defendants.

_____

          Plaintiff, through his attorney, SOVERN LAW, PLLC, as a Complaint against the

Defendants, alleges as follows:

          1. This is an action by Jason Lewis, a disabled veteran, against the Defendants for

damages sustained by reason of violation of his rights under the Americans with Disabilities Act

of 1990, 42 U.S.C. § 12101 et seq. ("ADA") and the New York State Human Rights Law, N.Y.

Executive Law § 296(2) ("NYSHRL"), based on employment-related disability discrimination.

The Defendants' discriminatory treatment of Plaintiff, included terminating him for

discriminatory reasons, intentionally exacerbating Plaintiff's post traumatic stress disorder

("PTSD") and unlawfully disclosing Plaintiff's confidential medical information.

### JURISDICTION AND VENUE

          2. Jurisdiction is proper under 42 U.S.C. §12101 et seq. and 28 U.S.C. §§1331 and 1343.

          3. The Court has supplemental jurisdiction over the Plaintiff's claims brought under state

law pursuant to 28 U.S.C. §1367.

1

4. Venue is proper in this District in that a substantial part of the events or ommissions giving rise to the claim occurred within the Northern District of New York. 28 U.S.C. § 1391(b).

## PARTIES

5. The Plaintiff, JASON LEWIS, is a citizen of the United States and is a resident of Warren County, New York. He is a former employee of one or more of the Defendants herein.

6. The Plaintiff was employed by the Defendants herein as a registered nurse in the Warren County Correctional Facility.

7. Upon information and belief, PRIMECARE MEDICAL, INC., is a Pennsylvania corporation located in Harrisburg, Pennsylvania.

8. Upon information and belief, PRIMECARE MEDICAL, INC., is the parent company of PERSONALCARE PROFESSIONAL REGISTERED NURSING, P.C.

9. Upon information and belief, PERSONALCARE PROFESSIONAL REGISTERED NURSING, P.C., is a Pennsylvania, professional corporation doing business in New York.

10. Upon information and belief, PERSONALCARE PROFESSIONAL REGISTERED NURSING, P.C., is a wholly-owned subsidiary of PRIMECARE MEDICAL, INC.

11. Upon information and belief, there is an interrelation of operations between PRIMECARE MEDICAL, INC., and PERSONALCARE PROFESSIONAL REGISTERED NURSING, P.C.

12. Upon information and belief, PERSONALCARE PROFESSIONAL REGISTERED NURSING, P.C., cleared all major employment decisions with PRIMECARE MEDICAL, INC.

13. Upon information and belief, PRIMECARE MEDICAL, INC., and PERSONALCARE PROFESSIONAL REGISTERED NURSING, P.C., maintain a common management structure.

2

14. Upon information and belief, PRIMECARE MEDICAL OF NEW YORK, INC., is a New York corporation and is the wholly-owned subsidiary of PRIMECARE MEDICAL, INC.

15. Upon information and belief, WARREN COUNTY was, at all times relevant to the allegations of this complaint, a municipal corporation within the State of New York and controlled and was responsible for the activities at the Warren County Correctional Facility where the Plaintiff was employed.

## FACTUAL BACKGROUND

16. Plaintiff is a disabled veteran who sustained injuries while enlisted in the United States Army during the years: 1997 to 2001.

17. The Plaintiff also served in the United States Army Reserve from 2002 to 2004.

18. Plaintiff has been diagnosed with moderate to severe post-traumatic stress disorder (PTSD), depression and anxiety disorder.

19. Due to injuries suffered while in active duty with the United States Army, Plaintiff has experienced neurological and other medical conditions that have progressively worsened since his return from military service.

20. For instance, Plaintiff has experienced a worsening of his PTSD. Specifically, if he makes a mistake or is perceived as having made a mistake or repeatedly exposed to a stressful situation, he may become hyperfocused on one issue. This, in turn, increases his anxiety which then may disrupt his sleep. When the Plaintiff's sleep becomes disrupted, he may have recurrent nightmares, have feelings of paranoia, and, if left without treatment, the Plaintiff may have auditory and/or visual hallucinations. During these episodes, the Plaintiff usually decompensates by retreating within his home until treatment. If the Plaintiff experiences other stressors during his recovery process, he can regress.

3

21.  At all relevant times, Plaintiff received medical care and treatment from the VA Hospital satelite locations in Glens Falls and the Vet Center either in person or by phone.

22.  Plaintiff's disabilities substantially limit a number of his major life activities, including attentiveness, concentration, executive function deficit-regulation and stress intolerance.

23.  From June 1, 2020 through August 7, 2020, Plaintiff was employed by the Defendants herein as a Registered Nurse to provide such professional care at the Warren County Correctional Facility (hereinafter referred to as the "Warren County Jail") located at 1400 U.S. 9, Lake George, NY 12845.

24.  Specifically, in May, 2020, the Plaintiff was hired initially by PRIMECARE MEDICAL, INC., and/or PERSONALCARE PROFESSIONAL REGISTERED NURSING, P.C.., and/or PRIMECARE MEDICAL OF NEW YORK, INC.

25.  When the Plaintiff started working as a Registered Nurse at the Warren County Jail, Warren County (through its employees) immediately exercised formal control over the Plaintiff by, among other things: (a) performing all of the background checks and other clearances before he could even be hired; (b) having the power to revoke the Plaintiff's security clearance; (c) issuing the key cards that allow the Plaintiff to open doors at the Warren County Jail; (d) always being present during patient visits, during the administration of medications or even during the administration of routine or emergency treatments; (e) monitoring the medical area via audio/visual cameras and have the ability to access the areas as well, at whim; and (f) meeting routinely with Ms. King about any staffing or medical operations concerns.

26.  The Plaintiff's immediate supervisor at the Warren County Jail was Nichol King.

4

27. Upon commencing work at the Warren County Jail, the Plaintiff advised Nichol King that he suffered from PTSD. Ms. King had worked with the Plaintiff in the past and, upon information and belief, was already aware of the Plaintiff's condition.

28. The Plaintiff worked Monday through Friday from 3:00 p.m., to 11:00 p.m., and earned an hourly wage of $36.50.

29. During his employment with the Defendants, the Plaintiff did not receive any unfavorable performance evaluations.

30. On August 6, 2020, during the Plaintiff's work shift, Ms. King met with him to discuss a work-related matter pertaining to the medical needs of an inmate at the Warren County Jail. Ms. King disagreed with the Plaintiff's decision to put an inmate on a "one on one" constant supervision protocol until cleared by a doctor. This discussion was professional, colleague to colleague. The Plaintiff defended his decision while Ms. King disagreed on the grounds that the "one on one" protocol became an inconvenience to the Warren County Jail corrections officers.

31. At the August 6, 2020, meeting with Ms. King, the Plaintiff remained professional, but nevertheless supported his decision in favor of inmate safety and in following the standard operating procedures. Ms. King then asked the Plaintiff, "what is wrong with you?" Ms. King then informed the Plaintiff that other employees felt uncomfortable working with him. The Plaintiff asked Ms. King what she specifically meant by that, but she provided the Plaintiff with no reasons.

32. During the August 6, 2020, meeting with Ms. King, the Plaintiff became anxious and frustrated. The Plaintiff cried during this meeting with Ms. King and explained how

frustrated and anxious he was now knowing his co-workers expressed feelings of being uncomfortable around him without giving any reasons for same.

33. During the August 6, 2020, meeting, Ms. King instructed the Plaintiff to make it known to his co-workers that he was "approachable" and then told the Plaintiff that she, "would do anything not to have drama."

34. Ms. King knew that the Plaintiff suffered from PTSD.

35. Immediately following the meeting with Ms. King on August 6, 2020, the Plaintiff experienced a PTSD episode and began experiencing suicidal ideations while at work.

36. Following the August 6, 2020, meeting with Ms. King, the Plaintiff confided in one of his co-workers and explained how he was having suicidal thoughts and needed to go home.

37. On August 6, 2020, after speaking with a co-worker about his suicidal thoughts, the Plaintiff called his wife to pick him up and he left work early.

38. On August 7, 2020, the Plaintiff contacted Ms. King in order to update her regarding his efforts to seek medical attention to address his mental concerns and provide her with a return to work plan. Ms. King responded by telling the Plaintiff, it was "a moot point" and that the "county pulled [his] security clearance and [the Plaintiff] was terminated.

39. The Plaintiff received a letter, dated August 7, 2020, from PrimeCare Medical of New York, Inc., confirming his termination.

40. Upon information and belief, sometime on or about August 7, 2020, Ms. King contacted someone at the Warren County Jail and requested that the Warren County Jail revoke the Plaintiff's security clearance.

6

41. Upon information and belief, sometime on or about August 7, 2020, the Warren County Jail revoked the Plaintiff's security clearance.

42. Upon information and belief, sometime on or about August 7, 2020, Ms. King discussed the Plaintiff's personal medical information with employees of each of the Defendants.

43. With knowledge of the Plaintiff's PTSD, the Defendants herein intentionally discriminated against the Plaintiff when they each took independent, adverse employment actions against him.

44. Following its knowledge of the Plaintiff's PTSD, the Defendants failed to engage in any interactive process to ascertain what, if any, accommodations were needed to allow the Defendant to continue to work at the Warren County Jail.

45. Following the Defendants' unlawful adverse employment actions against the Plaintiff, the Plaintiff suffered and has continued to suffer from an exacerbation of his PTSD.

46. As a result of the Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

## **EEOC FILINGS**

47. On or about October 8, 2020, the Plaintiff filed a Charge of Discrimination against Defendant Prime Care Medical, Inc.

48. On or about December 19, 2020, the Plaintiff filed a Charge of Discrimination against Defendant Warren County.

49. On March 30, 2021, the Plaintiff amended his Charge of Discrimination to expressly include the subsidiaries of Prime Care Medical, Inc.

50. On May 20, 2021, the EEOC issued Right to Sue Letters without determination as to the Plaintiff's charges of discrimination against the Defendants.

7

## NOTICE OF CLAIM

51. On November 4, 2020, the Plaintiff timely served the Warren County Attorney and the Clerk of the Warren County Board of Supervisors with a Notice of Claim pursuant to N.Y. Gen. Municipal Law §50-e.

## AS AND FOR A FIRST CAUSE OF ACTION
(Violation of the Americans with Disabilities Act)

52. Plaintiff hereby repeats and realleges each and every allegation in paragraphs "1" through "51" above as if fully set forth herein.

53. Each of the defendants are a "covered entity" as that term is defined by the ADA.

54. The Plaintiff suffers from a disability as defined under the ADA in that he suffers from mental health disorders including PTSD, depression and anxiety disorder. The Plaintiff was also regarded by the Defendants, individually and/or collectively, as suffering from a disability.

55. On August 6, 2020, the Plaintiff experienced a suicidal ideation while at work, confided in a nurse at the Warren County Jail and left work early to seek necessary help to address his disorder.

56. On August 7, 2020, the Plaintiff suffered an adverse employment action when Defendant, Warren County, revoked the Plaintiff's security clearance at the Warren County Jail because of the Plaintiff's disability.

57. On August 7, 2020, the Plaintiff was terminated by the Defendants, individually or collectively, because of his disability.

58. The Plaintiff is otherwise qualified to perform all of his essential job functions.

8

59. As a result of the foregoing, the Defendants have discriminated against the Plaintiff in violation of the ADA by both revoking his security clearance and then terminating his employment because of his disability.

60. As a result of the foregoing, the Plaintiff has suffered an exacerbation of his disability.

61. As a direct and proximate result of the Defendants' unlawful and discriminatory conduct in violation of the ADA, the Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits, all in an amount which cannot be accurately determined at this time.

62. As a direct and proximate result of the Defendants' unlawful and discriminatory conduct in violation of the ADA, the Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to major depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering all in an amount which cannot be accurately determined at this time.

63. The Defendants' unlawful and discriminatory actions constitute willful violations of the ADA for which the Plaintiff is entitled to an award of punitive damages to be determined by a jury all in an amount which cannot be accurately determined at this time.

## AS AND FOR A SECOND CAUSE OF ACTION
(Violation of the Duty of Reasonable Accommodation)

64. Plaintiff hereby repeats and realleges each and every allegation in paragraphs "1" through "63" above as if fully set forth herein.

65. The Defendants violated their duty under the ADA to provide the Plaintiff with a reasonable accommodation when they failed to accommodate the Plaintiff regarding his need for an accommodation based on his obvious and known disability.

9

66. The Defendants failed to demonstrate a good faith effort to consult with the Plaintiff in order to identify and make a reasonable accommodation which would have afforded the Plaintiff an opportunity to continue to perform his essential job functions.

67. Upon information and belief, any requested accommodation would not have caused the Defendants an undue hardship on the operation of its business.

68. As a direct and proximate result of Defendants' violation of the duty of reasonable accommodation under the ADA, the Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages.

69. As a direct and proximate result of the Defendants' unlawful conduct constituting a knowing, malicious, willful and wanton violation of the ADA, the Plaintiff has suffered a loss of employment, pension and related benefits, wages, salary, financial opportunity and career opportunity; and based on his suffering is entitled to an award of compensatory as well as punitive damages, costs and attorney's fees all in an amount which cannot be accurately determined at this time.

## AS AND FOR A THIRD CAUSE OF ACTION
(Discrimination in Violation of New York State Human Rights Law)

70. Plaintiff hereby repeats and realleges each and every allegation in paragraphs "1" through "69" above as if fully set forth herein.

71. The Defendants have discriminated against the Plaintiff on the basis of his disability in violation of the New York State Human Rights Law by subjecting him to unlawful adverse employment actions, including but not limited to, terminating Plaintiff's employment a day after he had experienced a disability-related incident.

72. As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of damages all in an amount which cannot be accurately determined at this time.

73. As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering for which he is entitled to an award of damages all in an amount which cannot be accurately determined at this time.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Accommodate in Violation of New York State Human Rights Law)

74.    Plaintiff hereby repeats and realleges each and every allegation in paragraphs "1" through "73" above as if fully set forth herein.

75. The Defendants had notice of the Plaintiff's disability prior to: (a) revoking his security clearance; and/or (b) terminating him on August 7, 2020.

76. The Plaintiff could perform the essential functions of the job at issue with a reasonable accommodation.

77. The Defendants failed to engage in any interactive discussion with the Plaintiff regarding his need for an accommodation before they revoked his security clearance and terminated him because of his disability.

78. On August 7, 2020, the Plaintiff attempted to discuss his treatment and return to work plan with Ms. King, but she told the Plaintiff it was a "moot point" because his security clearance

had been revoked by Warren County and he had been terminated.

79. For the reasons set forth above, the Defendants violated the New York State Human Rights Law when they refused to make a reasonable accommodation for the Plaintiff.

80. As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of damages all in an amount which cannot be accurately determined at this time.

81. As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering for which he is entitled to an award of damages all in an amount which cannot be accurately determined at this time.

**WHEREFORE**, the Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of the Defendants complained of herein violate the laws of the United States and the State of New York;

B. An award of back pay in an amount to be determined at trial, plus prejudgment interest on back pay award based on interest rate for short-term United States Treasury bills, compounded annually for the entire back pay period all in an amount which cannot be accurately determined at this time;

C. An award of front pay, to compensate the Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation,

12

seniority and other benefits of employment all in an amount which cannot be accurately determined at this time;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries all in an amount which cannot be accurately determined at this time;

E. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest all in an amount which cannot be accurately determined at this time;

F. An award of punitive damages all in an amount which cannot be accurately determined at this time;

G. An award of costs that Plaintiff has incurred in this action, as well as the Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

Dated: August 17, 2021

SOVERN LAW, PLLC

By:_____

Cheryl L. Sovern, Esq.
Attorney for Plaintiff
Bar Roll No.: 514556
100 Saratoga Village Boulevard - Suite 38
Ballston Spa, New York 12020
Office: (518) 400-8030
Fax: (518) 400-8060
Email: csovern@sovernlaw.com

**VERIFICATION**

STATE OF NEW YORK      )
                                       ) ss.:
COUNTY OF SARATOGA  )

**JASON LEWIS**, being duly sworn, deposes and says:

I am the plaintiff in this action.   I have read the foregoing complaint and know the contents thereof;

the same are true to my knowledge, except as to matters therein stated to be alleged upon information

and belief, and as to those matters I believe them to be true.

The undersigned swears that the foregoing statements are true, under the penalties of perjury.

JASON LEWIS

Sworn to before me this
16th day of August, 2021.

Notary Public

Cheryl L. Sovern
Notary Public, State of New York
Qualified in Saratoga County
No. 02SO6168457
Commission Expires August 13, 2023

14

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JASON LEWIS,

                      Plaintiff,

    -against-

PRIMECARE MEDICAL, INC.; PERSONALCARE
REGISTERED PROFESSIONAL NURSING, P.C.;
PRIMECARE MEDICAL OF NEW YORK, INC.; and
WARREN COUNTY,

                   Defendants.

**DEMAND FOR A
JURY DEMAND**

Civil Action No.:

_____

     Pursuant to FRCP Rule 38 a demand is hereby made that the above-referenced action be tried by a jury.

DATED: August 17, 2021

                                Cheryl L. Sovern
                                Attorney for Plaintiff
                                Bar Roll No.: 514556
                                100 Saratoga Village Boulevard - Suite 38
                                Ballston Spa, New York 12020
                                Office:  (518) 400-8030
                                Fax:  (518) 400-8060
                                Email: csovern@sovernlaw.com